UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ARTHUR HILL,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CDCR,<br><br>　　　　　Defendant. | 1:13-cv-01752-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Doc. 21.) |

## I.　BACKGROUND

James Arthur Hill ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 3, 2013, at the U.S. District Court for the Northern District of California. (Doc. 1.) On October 21, 2013, as instructed by the court, Plaintiff re-submitted the Complaint on the court's form. (Doc. 8.) On October 29, 2013, the case was transferred to the Eastern District of California. (Doc. 12.) On May 8, 2014, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 22.)

On October 21, 2013 and November 7, 2013, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Docs. 10, 16.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the

1

Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On April 23, 2014, Plaintiff filed a motion for preliminary injunctive relief, which is now before the court. (Doc. 21.)

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

///

///

**Discussion**

Plaintiff requests a court order directing prison officials to provide him with medical treatment at an outside hospital.

By separate order issued on May 8, 2014, the court dismissed Plaintiff's Complaint and granted him leave to file an amended complaint which will supercede the Complaint (Doc. 22.) Plaintiff was granted thirty days in which to file the amended complaint. (Id.) Therefore, at this juncture, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727. Accordingly, Plaintiff's motion for preliminary injunctive relief shall be denied.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary injunctive relief, filed on April 23, 2014, is DENIED.

IT IS SO ORDERED.

Dated: **May 9, 2014**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE